## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| NATIONAL INDOOR FOOTBALL* | CIVIL ACTION NO. 06-0779 |
| VERSUS                  * | MAGISTRATE JUDGE HILL |
| UNITED INDOOR FOOTBALL,  * | BY CONSENT OF THE PARTIES |
| ET AL | |

## RULING ON MOTION TO DISMISS FOR FAILURE TO COMPLY WITH BRIEFING SCHEDULE

Pending before the Court is the Motion to Dismiss for Failure to Comply with Briefing Schedule filed by defendants, Intense Football League and American Professional Football League, and Stampede Express, Inc., Touchdown 4 Him, L.L.C., Southwest Louisiana Swashbucklers, Inc., Corpus Christi Football Team, Inc., Td Football Investments, L.L.C., Centex Barracudas, Laredo Lobos, Inc., Laredo Lobos, Rink-N-Turf, Inc., Aviation Excellence, Inc., Nebraska Bears, Nebraska Wildcats, Iowa Blackhawks, Missouri Minuteman, and Kansas Storm (collectively, "IFL"), on June 29, 2007. [rec. doc. 93]. No opposition has been filed, and the deadline for filing opposition has expired.[1] Based on the following reasons, the motion is **GRANTED**.

---

[1]LR 7.5W provides that opposition shall be filed within fifteen (15) days after service of the motion.

## **Background**

Plaintiffs, National Indoor Football League and Carolyn Shiver, brought this complaint for patent infringement, copyright infringement, and injunctive relief against IFL on May 11, 2006.  On February 15, 2007, the Court held a telephone conference to set a *Markman* hearing date and briefing schedule.  [rec. doc. 91]. During the conference, the Court set the following deadlines:

| | |
|---|---|
| **April 2, 2007** | Parties to exchange lists of claim terms that need to be construed |
| **May 2, 2007** | Plaintiffs' brief on claim construction |
| | Plaintiffs' expert reports (if any) on claim construction |
| **June 4, 2007** | Defendants' brief on claim construction |
| **June 21, 2007** | *Markman* hearing, 10:00 a.m. |

The *Markman* hearing was later reset for July 11, 2007. [rec. doc. 92].

On June 29, 2007, IFL filed a Motion to Dismiss for Failure to Comply with Briefing Schedule. [rec. doc. 93].  In the motion, IFL asserts that plaintiffs have not filed a brief on claim construction and expert report (if any) on claim construction, nor have they advised of any intention to do so.  Accordingly, IFL argues that this matter should be dismissed for failure to comply with the Court's Briefing Schedule.

2

## Analysis

Rule 16(f) of the Federal Rules of Civil Procedure provides as follows:

**(f) Sanctions.** If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

The penalties set forth under Rule 37(b)(2) are as follows:

**(B)** An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

**(C)** An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding or any part thereof*, or rendering a judgment by default against the disobedient party;

**(D)** In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

(emphasis added).  Fed. R. Civ. P. 37(b)(2).

IFL argues that as a penalty for plaintiffs' failure to comply with the Court's briefing schedule, plaintiffs' action should be dismissed.  To date, defendants state that plaintiffs have failed to file a brief on claim construction and expert report (if any).  The docket sheet reflects that none of these documents have been submitted to the Court.

_____The record reflects that plaintiffs have failed to comply with the deadlines set forth in the Order dated February 15, 2007. [rec. doc. 91].  Counsel did not appear for the *Markman* hearing on July 11, 2007.Finally, plaintiffs have failed to oppose the motion to dismiss.  Based on the plaintiffs' failures to comply with the Court's deadlines and order, the court is left with no real option. Accordingly, I find that this matter should be dismissed with prejudice.

## Conclusion

Based on the foregoing reasons, the Motion to Dismiss is hereby **GRANTED**, and plaintiffs' complaint is **DISMISSED WITH PREJUDICE**.

Signed July 20, 2007, at Lafayette, Louisiana.

_C. Michael Hill_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE